## P. J. HOPKINS v. HARRY McCUSKER.[1]

January 3, 1908.

Nos. 15,325—(65).

**Dismissal of Garnishment.**

Where an action is brought in a justice court, and after a judgment against the defendant the case is appealed to the district court, on questions of law and fact, garnishment proceedings commenced in the district court cannot properly be dismissed on the ground that they were commenced for the purpose of annoying and harassing the defendant, because after the appeal from the justice court was effected garnishment proceedings were commenced in the justice court by inadvertence and subsequently abandoned.

**Garnishment after Appeal.**

After a case has been removed by appeal from a justice court to the district court, garnishment proceedings may be commenced in the district court, notwithstanding the fact that a proper appeal bond was given and is in full force and effect.

Appeal by plaintiff from an order of the district court for Traverse county, Flaherty, J., vacating and setting aside the garnishment proceedings herein and also from a judgment against plaintiff for $13.90 costs.   Order and judgment reversed.

.   *F. W. Murphy* and *V. E. Anderson,* for appellant.

*C. H. Colyer,* for respondent.

ELLIOTT, J.

This appeal from an order vacating and setting aside certain garnishment proceedings, and the judgment entered thereon, comes before this court on a record which does not disclose the reasons which induced the trial court to make its order.   The notice of motion to dismiss did not state any grounds for the relief sought, and the trial judge did not state his reasons for granting the same.   The record contains the affidavit of garnishment, the garnishee's summons and the notice to defendant in an action in the district court,

1 Reported in 114 N. W. 468.

the notice of motion to set the proceedings aside, and the affidavits of the attorney for the plaintiff and the attorney for the defendant below. On the face of the record, the instruments in the garnishment proceedings are regular and suggest no reason for dismissing the proceedings.

In the affidavits used on the motion to dismiss, reference is made to the circumstances under which the original action came into the district court. In one of the affidavits it is alleged that the original action was commenced in the justice court, where it proceeded to judgment in favor of the plaintiff for the sum of $77.85. Within the proper time an appeal was taken to the district court, and it is alleged in the affidavit of the defendant (respondent) that: "Said appeal was duly and regularly taken by the filing of affidavit. The service of notice and giving of a bond which was duly approved and said appeal duly allowed." In an opposing affidavit made by the plaintiff's attorney, it is alleged "that on the 9th day of February, 1907, the said defendant perfected an appeal in said cause to the district court; that said appeal was allowed by said justice, and the proceedings in said cause in the justice court were duly transcripted to, and have been filed in, said district court." The record does not contain any of the proceedings in the justice court, and there is nothing to show when the return of the justice was filed in the district court. But both parties agree and allege in their affidavits that the appeal was duly and regularly taken, and the justice therefore lost jurisdiction over the case.

In the defendant's affidavit used on the motion, it is stated that, "notwithstanding the approval of said bond and the allowance of said appeal as aforesaid, the said plaintiff did in said justice court, on the 26th day of February, 1907, cause to be issued by said court a garnishee summons, summoning the said garnishee named herein to appear before A. E. Ludwig, Esquire, on the 8th day of March, at ten o'clock in the forenoon, then and there to make answer under oath, to such questions as might be put to the said garnishee, touching its indebtedness to the said defendant." In this affidavit the defendant also alleges that the bringing of the garnishee proceedings in the district court on the 27th day of February, 1907, was

"for the sole purpose of harassing and annoying this defendant," and asked "that these proceedings be in all things dismissed," with costs in favor of the defendant.

In the opposing affidavit, the plaintiff also alleges that the appeal was taken and perfected to the district court, and admits that the garnishment proceeding was thereafter instituted in the justice court, but explains the same by alleging "that after the allowance of said appeal, through inadvertence, certain garnishment proceedings were begun in the justice court, and which were immediately dismissed and withdrawn, and no further proceedings were had in said justice court thereunder; that the said garnishee did not appear in said justice court, and aside from filing an affidavit of garnishment in said justice court by said justice, and signing by him of said garnishee summons, nothing was done by said justice in said cause; that after abandoning said garnishee proceedings in said justice court, the plaintiff herein, in due compliance with the statute respecting garnishments, commenced, and there is now pending before this court, proper garnishment proceedings; * * * that none of said garnishment proceedings were brought for the purpose of harassing said defendant; that no proceedings were had in justice court on the part of the defendant; and that no advantage has been taken of him, nor have any of his rights been transgressed." There were no rebutting affidavits.

Upon the facts as disclosed by this record, the proceedings in the district court were regular, and the plaintiff was strictly within his legal rights, notwithstanding the fact that the result was to annoy and harass the defendant. That is the inevitable result of such proceedings. The garnishment proceedings in the justice court were null and void because the court had lost jurisdiction, and the right to thereafter commence new proceedings in the district court cannot be questioned.

We do not know what importance was attached by the trial court to the fact that an appeal bond had been given which presumably secured the payment of any judgment which might be obtained in the district court. The respondent contends that, as such a bond was in existence, any garnishment proceedings instituted thereafter

must necessarily have been commenced with improper motives and simply as a means of harassing and annoying the defendant. But this does not necessarily follow. The bond may in fact have become inadequate security by reason of the subsequent insolvency of the sureties. But nothing of this kind appears in the record, and we are left entirely to conjecture. This bond is not the bond provided by section 4256, R. L. 1905, and cannot be treated as its equivalent for the purpose of preventing the defendant from being annoyed by garnishment proceedings against his debtors.

In the respondent's brief, the statement is made that the action proceeded to judgment against the defendant in the district court, and that the judgment has since been paid. If this is correct, the present proceedings involve only an abstract question and the matter of costs. But the 'fact, if it is a fact, does not appear in the record proper. We have only the statements made in the affidavits which were before the trial court, and upon which his order was made.

Upon the conceded facts, we are unable to see any reason why the garnishment proceedings should have been dismissed, and the order and judgment are therefore reversed.